UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMAD HAZRATZAI,**<br>Plaintiff,<br>v.<br>**HEIST GROUP, LLC, *et al.*,**<br>Defendants. | Case No. 1:25-cv-03595 (TNM) |

**MEMORANDUM ORDER**

Nightclub patron Mohammad Hazratzai alleges that his run-in with a bouncer left him with serious physical injuries. Am. Compl. ¶¶ 11–20, ECF No. 16. Hazratzai sued the nightclub, the bouncer, the private security company that employed the bouncer, and one unnamed individual under various theories of tort liability. *Id.* ¶¶ 21–76. The named Defendants moved to dismiss. *See* American Protection Solutions Inc. and Francisco Isata's Partial Mot. to Dismiss ("APS/Isata Partial Mot. to Dismiss"), ECF No. 20; Heist Group LLC's Mot. to Dismiss ("HEIST Mot. to Dismiss"), ECF No. 21. But because Hazratzai did not properly allege facts supporting the Court's subject matter jurisdiction over the action, the current Complaint suffers from a more basic defect that must be addressed before the Court resolves Defendants' motions.

**I.**

According to Hazratzai, "[i]n the early morning hours of Saturday, October 5, 2024," he and his friends were enjoying themselves at the HEIST nightclub in downtown D.C. Am. Compl. ¶ 12. For an unstated reason, Hazratzai was asked to leave the club. *Id.* ¶ 13. Rather

than departing, he stood on the sidewalk immediately outside the club, waiting for one of his friends to exit and drive him home. *Id.*

While Hazratzai was waiting for his friend, an unidentified manager (John Doe) instructed Francisco Isata, a bouncer working at the club, to remove Hazratzai from the premises. *Id.* ¶ 14. Isata complied and "began physically pushing" Hazratzai away from the club's entrance. *Id.* ¶ 15. Hazratzai "protested." *Id.* When Isata "continued to push" Hazratzai, he "attempted to stand his ground." *Id.* ¶¶ 15–16.

From there, the confrontation turned uglier. Isata "shoved" Hazratzai and punched his shoulder. *Id.* ¶ 16. Hazratzai "punched" Isata back and "fled." *Id.* Isata "chased after" Hazratzai and kicked his legs out from under him, causing him to "fall and strike his head" on a nearby pole. *Id.* ¶ 17. Hazratzai tried to stand and continue running, but Isata "grabbed him," "threw" him back on the ground, and "struck" him "several more times." *Id.* ¶ 18. Doe "personally witnessed" the incident and "did not instruct" Isata to stop nor "attempt to intervene." *Id.* ¶ 19. As a result of the encounter, Hazratzai allegedly suffered "serious physical injuries," including "a fractured jaw." *Id.* ¶ 20.

Hazratzai sued four parties he contends are responsible: (1) Heist Group, LLC (HEIST), the nightclub owner; (2) Isata, the bouncer; (3) American Protection Solutions, LLC (APS), the company HEIST hired to provide security personnel for the club; and (4) Doe, the unidentified manager who was working "either" for HEIST or for APS. *Id.* ¶¶ 3–11. Hazratzai brought several claims under D.C. law, including battery (Count 1); intentional infliction of emotional distress (Count 2); vicarious liability or respondeat superior (Count 3); negligent supervision, training, hiring, and retention (Counts 4–7); and willful and wanton conduct or punitive damages (Count 8). *Id.* ¶¶ 21–76.

APS, Isata, and HEIST moved to dismiss the claims against them for failure to state a claim. APS/Isata Mot. to Dismiss at 1; HEIST Mot. to Dismiss at 1.

**II.**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Hazratzai's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That requires Hazratzai to plead "factual content that allows the court to draw the reasonable inference" that HEIST, APS, Isata, and Doe are "liable for the misconduct alleged." *Id.* The Court must "accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations" in Hazratzai's favor. *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).

The Court is skeptical of several of Defendants' arguments in their motions. For example, in arguing that Hazratzai failed to state a claim for intentional infliction of emotional distress, APS and Isata ask the Court to consider facts that embellish, modify, or even contradict the factual allegations in Hazratzai's complaint. *See* Pl.'s Opp. to APS/Isata Partial Mot. to Dismiss at 3–4, ECF No. 22 (making this point). More, APS provides barely any analysis to support its view that the Court should dismiss Hazratzai's respondeat superior claim entirely, rather than allow Hazratzai to advance a substantive theory of vicarious liability under the remaining counts. *Compare id.* at 9 ("Whether respondeat superior appears beneath its own count heading is a matter of pleading form; whether APS may be held legally responsible for torts committed by Isata within the scope of his employment is a substantive issue that remains part of the case."), *with* APS/Isata Reply ISO Partial Mot. to Dismiss at 3–4, ECF No. 23 (choosing not to respond to that argument).

That said, the Court cannot resolve the pending motions because Hazratzai has not met his burden to establish this Court's jurisdiction. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983) ("[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action."). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a court perceives that its subject matter jurisdiction is in question, it is "obliged to address" the issue "*sua sponte*." *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996).

Here, Hazratzai invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* Am. Compl. ¶ 7. To show that complete diversity exists between the parties, Hazratzai describes APS's and HEIST's citizenship as if they were corporations. *See id.* ¶¶ 3–4 (calling them "corporation[s]" and listing their headquarters and principal places of business). But APS and HEIST appear to be limited liability companies (LLCs).[1] And "[u]nincorporated associations, including LLCs, have the citizenship of each of their members." *CostCommand, LLC v. WH Adm'rs., Inc.*, 820 F.3d 19, 21 (D.C. Cir. 2016). Because the Complaint does not identify the citizenship of APS's or HEIST's members, the Court cannot be sure if it has jurisdiction.

"Citizenship is an essential element of federal diversity jurisdiction; failing to establish citizenship is not a mere technicality." *Novak v. Cap. Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006). "Where, as here, a plaintiff has failed to establish diversity of citizenship, this

[1] APS calls itself a corporation in the title of its motion to dismiss. *See* APS/Isata Partial Mot. to Dismiss at 1. But HEIST's answer and this Court's docket identify APS as an LLC. *See* HEIST Answer at 2, ECF No. 10; *Hazratzai v. Heist Grp., LLC*, No. 25-cv-03595 (D.D.C. Oct. 6, 2025) (referring to APS as "American Protection Solutions, LLC").

Court cannot exercise subject matter jurisdiction under 28 U.S.C. § 1332." *Parr v. Ebrahimian*, No. 07-cv-1718, 2010 WL 11678006, at *2 (D.D.C. Mar. 17, 2010).

Still, dismissal with prejudice is unnecessary. The Court will give Hazratzai an opportunity to correct the defects in his pleading. *See id.* (citing 28 U.S.C. § 1653). Meanwhile, the Court will deny Defendants' motions to dismiss without prejudice, so that they may be refiled if appropriate once the Court is assured of its jurisdiction.

## III.

In sum, Hazratzai has failed to meet his burden to establish that the Court has subject matter jurisdiction over this case.

For these reasons, it is hereby

**ORDERED** that on or before November 9, 2026, Hazratzai shall amend his Complaint to properly allege facts supporting this Court's subject matter jurisdiction, including by properly identifying each party's citizenship. His failure to do so will result in dismissal of the case. It is

**FURTHER ORDERED** that [20] Defendants American Protection Solutions Inc.'s and Francisco Isata's Partial Motion to Dismiss Plaintiff's Amended Complaint and [21] Defendant Heist Group LLC's Motion to Dismiss Plaintiff's Amended Complaint are **DENIED** without prejudice. It is

**FURTHER ORDERED** that, if Hazratzai files an amended complaint in response to this Memorandum Order, Defendants shall respond on or before November 30, 2026.

**SO ORDERED**.

2026.10.21
11:22:41 -04'00'

Dated: October 21, 2026

TREVOR N. McFADDEN, U.S.D.J.